ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEXAS INTERNATIONAL, LTD., | § | |
| | § | |
| Plaintiff, | § | Civil Action No. |
| | § | |
| vs. | § | |
| | § | 3-07CV0235-L |
| LIFETIME BRANDS, INC., | § | |
| | § | JURY DEMANDED |
| Defendant. | § | |

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB - 2 2007
CLERK, U.S. DISTRICT COURT
By _____ Deputy

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGEMENT AND JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, Dexas International, Ltd., for its complaint against Defendant Lifetime Brands, Inc., would respectfully show the Court as follows:

### INTRODUCTION

1. Plaintiff is a manufacturer and seller of kitchenware and other products located in Coppell, Texas. Plaintiff seeks a declaratory judgment of patent invalidity and patent noninfringement concerning a patent owned or licensed by Defendants. Defendant, on information and belief, is also a manufacturer and seller of kitchenware and other products, with a place of business in Westbury, New York.

### THE PARTIES

2. Plaintiff Dexas International, Ltd. ("Dexas") is a limited partnership with its principal place of business at 585 South Royal Lane, Suite 200, Coppell, TX 75019-3807. Defendant Lifetime Brands, Inc. ("LBI") is a Delaware Corporation having its principal office at One Merrick Avenue, Westbury, NY 11590-6601.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction of Plaintiff's action for declaratory judgment of patent invalidity and noninfringement under the provisions of 28 U.S.C. §1338(a) and 28 U.S.C. §§2201 and 2202.

4. This Court has personal jurisdiction over Defendant, and venue is proper in this District, in that Defendant has sufficient contacts with the State of Texas and this District to satisfy Due Process. Defendant does substantial business in, and has the requisite minimum contacts with, the State of Texas and this District for general jurisdiction, by doing business through its patent attorneys at the law firm Jenkins and Gilchrist of Dallas, Texas, who were responsible for prosecuting the patent in suit. Defendant also has the additional requisite minimum contacts with the State of Texas for specific jurisdiction by causing the cease and desist letters attached as Exhibit A to be sent into this State. On information and belief, Defendant has also placed the allegedly patented products in the stream of commerce through established distribution channels, knowing and reasonably anticipating Texas and this District were likely destinations of the products, and by entering sales transactions to be performed in Texas and in this District.

## COUNT I - DECLARATORY JUDGMENT

5. This is an action arising under the Patent Laws, Title 35 of the United States Code, seeking a declaratory judgment of patent invalidity and non-infringement under the provisions of 28 U.S.C. §§2201 and 2202.

6. Plaintiff is engaged in the business of designing, manufacturing, and marketing kitchenware items. One line of items marketed by Plaintiff includes several varieties of silicone rubber kitchen mitts.

7. Defendant manufactures and sells silicone rubber kitchen mitts in direct competition with Plaintiff's products.

8. There is a present justiciable controversy between Plaintiff and Defendant with respect to the validity and noninfringement of U.S. Patent No. 7,117,536 ("'536 Patent") owned by Defendant. Specifically, Defendant has engaged in conduct which has placed Plaintiff under apprehension of a patent infringement suit under the '536 Patent, and Plaintiff has actually produced devices accused of infringing the Patent. Still further specifically, Defendant expressly accused Plaintiff of infringing the '536 Patent and threatened legal action in the letter attached as Exhibit A.

9. The '536 patent is invalid, because Defendant failed to meet the conditions for patentability set forth in 35 U.S.C. §§ 102 and 103. The '536 Patent is not infringed by the silicone rubber kitchen mitts designed, manufactured and sold by Plaintiff, because at least some of Plaintiff's accused products do not fall within the scope of any claims of the patent.

10. Upon information and belief, this is an exceptional case, and Plaintiff is entitled to recover its reasonable attorneys fees.

### Jury Demand

Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff prays for the following:

a. That this Court declare the '536 Patent invalid and not infringed by Plaintiff's silicone rubber kitchen mitts;

b. That this Court declare this to be an exceptional case within the meaning of 35 U.S.C. §285; and

c. That this Court award Plaintiff its attorney's fees, costs and

expenses in this action, along with such other and further relief as the Court may deem just.

DATED: February 1, 2007.

Respectfully submitted,

*[signature]*

Daniel V. Thompson
State Bar No. 19909200
THOMPSON & GUSTAVSON, L.L.P.
High Point Centre
9330 LBJ Freeway
Suite 1185
Dallas, TX 75243
(972) 479-0900

ATTORNEYS FOR PLAINTIFF

**LIFETIME BRANDS**®

One Merrick Avenue
Westbury, NY 11590-6601

Telephone: (516) 683-6000

Sales and Marketing
Fax: (516) 683-6161

Finance and Administration
Fax: (516) 683-6116

Internet Address:
http://www.lifetimebrands.com

January 19, 2007

VIA UNITED PARCEL SERVICE

Daniel V. Thompson
Thompson & Gustavson, L.L.P.
9330 LBJ Freeway, Suite 1185
Dallas, Texas 75243

Re: Lifetime Brands, Inc.- U.S. Patent No. 7, 117, 536

Dear Mr. Thompson:

Pursuant to my previous correspondence sent to you, our conversation today and the email I sent to you today with attachments containing digital photos of the large and small Dexas oven mitts, it is our contention that said oven mitts infringe on Lifetime Brand's U.S. Patent No. 7,117,536.

I continue to believe that this matter can be resolved amicably. In furtherance of that goal, I respectfully request that Dexas provide the following:

1. written confirmation that they will cease and desist from selling the products;
2. inventory totals for the number of units of the products which were sold during the time period October 10, 2006 to the present date;
3. inventory totals for the number of units of the products which remain on hand, on the water, and on order with the factory in China;
4. confirmation that a letter was sent from Dexas to the manufacturer in China informing them to cease and desist from manufacturing the products.

Please advise Dexas that if we do not receive their response within ten (10) days from the date of this letter, Lifetime Brands will have no alternative but to commence legal action.

Your prompt response is greatly appreciated.

Sincerely,

*Sara A. Shindel*

Sara A. Shindel

SAS:jr

Exhibit A, page 1

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

ORIGINAL

## I. (a) PLAINTIFFS
Dexas International, Ltd.

## DEFENDANTS
Lifetime Brands, Inc.

3-07CV0235-L

(b) County of Residence of First Listed Plaintiff: Dallas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

RECEIVED
FEB - 2 2007
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

(c) Attorney's (Firm Name, Address, and Telephone Number)
Daniel V. Thompson, Thompson & Gustavson, LLP, 9830 LBJ Freeway, Suite 1185, Dallas, TX 75243

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  |  / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: Declaratory Judgement of Patent Invalidity and Noninfringement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____
DOCKET NUMBER _____

DATE: February 1, 2007

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____